15-2164
Global Reinsurance Corp. of America v. Century Indemnity Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2015

(Argued: May 5, 2016                                    Decided: May 9, 2018)

Docket No. 15-2164

_____

GLOBAL REINSURANCE CORPORATION OF AMERICA,
successor in interest to CONSTITUTION REINSURANCE CORPORATION,

*Plaintiff-Counter-Defendant-Appellee,*
v.

CENTURY INDEMNITY COMPANY, successor in interest to
CCI INSURANCE COMPANY, successor in interest to
INSURANCE COMPANY OF NORTH AMERICA,

*Defendant-Counter-Claimant-Appellant.*
_____

Before: POOLER, LIVINGSTON, and CARNEY, *Circuit Judges*.

Appeal from United States District Court for the Southern District of New York (Lorna G. Schofield, *J*.) entering an order of summary judgment on behalf of Plaintiff-Appellee Global Reinsurance Corporation of America. Because we

hold that the district court erred in its interpretation of the contracts under our prior precedent, we vacate the original judgment and remand to the district court for reconsideration of the contracts employing standard principles of contract interpretation.

Vacated and remanded.

_____

Daryn E. Rush, (Ellen K. Burrows, *on the brief*), White and Williams LLP, Philadelphia, PA, *for Defendant-Counter-Claimant-Appellant Century Indemnity Company.*

JONATHAN D. HACKER, O'Melveny & Myers LLP, Washington, D.C., *for Defendant-Counter-Claimant-Appellant Century Indemnity Company* (*on the brief*).

DAVID L. PITCHFORD, New York, N.Y., *for Plaintiff-Counter-Defendant-Appellee Global Reinsurance Corporation of America.*

David C. Frederick, Ariela M. Migdal, Jeremey S.B. Newman, Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., Washington, DC, *for Plaintiff-Counter-Defendant-Appellee Global Reinsurance Corporation of America* (*on the brief*).

Peter R. Chaffetz, Steven C. Schwartz, Gretta L. Walters, Chaffetz Lindsey LLP, New York, NY, *for Amici Curiae Aon Benfield U.S., Guy Carpenter & Company, LLC, JLT RE (North America) Inc., and Willis Re Inc., in support of*

*Defendant-Counter-Claimant Appellant Century Indemnity Company (on the brief).*

POOLER, *Circuit Judge*:

This appeal stems from a dispute between insurer Century Indemnity Company and reinsurer Global Reinsurance Corporation of America regarding the amount of reimbursement Global is required to provide Century pursuant to certain reinsurance certificates. Century appeals from entry of an order of summary judgment by the Southern District of New York (Lorna G. Schofield, *J.*). The district court granted the motion for Global, holding that "[t]he dollar amount indicated in each of the Certificate Limits is the maximum amount that Global can be obligated to pay for loss and expenses, combined." *Global Reinsurance Corporation of America v. Century Indemnity Company*, No. 13-cv-06577, 2014 WL 4054260, at *7 (S.D.N.Y. Aug. 15, 2014).

The facts are set forth in detail in our prior opinion in this case. *Global Reinsurance Corporation of America v. Century Indemnity Company*, 843 F.3d 120, 122-23 (2d Cir. 2016). We assume the reader's familiarity with our prior opinion.

In granting the motion for summary judgment, the district court relied upon our decisions in *Bellefonte Reinsurance Company v. Aetna Casualty and Surety*

3

*Company*, 903 F.2d 910 (2d Cir. 1990), and *Unigard Security Insurance Company, Inc. v. North River Insurance Company*, 4 F.3d 1049 (2d Cir. 1993). In determining that the language in the contracts at issue in *Bellefonte* was "substantially identical" to the language in the contracts at issue here, the district court determined that Century's arguments regarding the "follow the fortunes" doctrine and the specific language of the contract, "as well as all of Century's other arguments, have been made before and rejected by the Second Circuit and the New York Court of Appeals." *Global Reinsurance*, 2014 WL 4054260, at *6-*7.

In our prior opinion, we addressed the holdings of *Bellefonte* and *Unigard*, as well as the New York Court of Appeals decision in *Excess Insurance Company v. Factory Mutual Insurance Company*, 3 N.Y.3d 577 (2004), which "expand[ed] on our holding[s]" in *Bellefonte* and *Unigard*. *Global Reinsurance*, 843 F.3d at 127-28. We explained that we found it "difficult to understand the *Bellefonte* court's conclusion that the reinsurance certificate in that case unambiguously capped the reinsurer's liability for both loss and expenses." *Id*. at 126. We observed that "[e]vidence of industry custom and practice might have shed light" on the language in the contracts. *Id*. We were also uncertain whether *Excess* "might fairly be taken to imply a rule of construction governing the interpretation of

4

reinsurance policies." *Id*. at 128. Given the district court's reliance on *Bellefonte*, *Unigard*, and *Excess* and our uncertainty regarding the correct interpretation of *Excess*, we certified the following question to the New York Court of Appeals:

Does the decision of the New York Court of Appeals in *Excess Insurance Co. v. Factory Mutual Insurance Co.*, 3 N.Y.3d 577 [789 N.Y.S.2d 461, 822 N.E.2d 768] (2004), impose either a rule of construction, or a strong presumption, that a per occurrence liability cap in a reinsurance contract limits the total reinsurance available under the contract to the amount of the cap regardless of whether the underlying policy is understood to cover expenses such as, for instance, defense costs?

*Id*. at 128.

In an opinion dated December 14, 2017, the Court of Appeals answered the certified question in the negative. *Global Reinsurance Corporation of America v. Century Indemnity Company*, 30 N.Y.3d 508 (2017). The Court of Appeals held:

Under New York law generally, and in *Excess* in particular, there is neither a rule of construction nor a presumption that a per occurrence liability limitation in a reinsurance contract caps all obligations of the reinsurer, such as payments made to reimburse the reinsured's defense costs.

*Id*. at 512. "*Excess* did not supersede the 'standard rules of contract interpretation' otherwise applicable to facultative reinsurance contracts." *Id*. at 518 (internal citation omitted). Because "[r]einsurance contracts are governed by the same principles that govern contracts generally," *id*. at 518, courts must "look to the

language of the policy above all else" in determining its meaning, *id*. at 519 (internal quotation marks omitted). After articulating the proper interpretive methodology for a reviewing court to impose in reviewing a facultative reinsurance contract under New York law, the Court of Appeals explained:

> The foregoing principles do not permit a court to disregard the precise terminology that the parties used and simply assume, based on its own familiar notions of economic efficiency, that any clause bearing the generic marker of a "limitation on liability" or "reinsurance accepted" clause was intended to be cost-inclusive. Therefore, New York law does not impose either a rule, or a presumption, that a limitation on liability clause necessarily caps all obligations owed by a reinsurer, such as defense costs, without regard for the specific language employed therein.

*Id*. at 519.

The decision from the Court of Appeals resolves the certified question and requires us to remand this case to the district court for consideration in the first instance of the contract terms at issue, employing standard principles of contract interpretation. Though reasonable in light of our reasoning in *Bellefonte* and *Unigard*, it is now clear that the district court's determination that the contract was unambiguous was premised on an erroneous interpretation of New York state law. The district court should "construe each reinsurance policy solely in

light of its language and, to the extent helpful, specific context." *Global Reinsurance*, 843 F.3d at 128.

VACATED and REMANDED.